JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA,
# WESTERN DIVISION

| | |
|---|---|
| MR. APPLIANCE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SARVAR UMIRDINOV, individually and  D/B/A "MR. APPLIANCE EXPERT",<br><br>    Defendant. | Case No. 14-CV-08504-AB (ASx)<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

Having considered the Complaint on file in this action, and Plaintiff Mr. Appliance LLC ("Mr. Appliance") and Defendant Sarvar Umirdinov, individually and d/b/a "Mr. Appliance Expert's" ("Defendant"), Stipulation for Entry of Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), the Court hereby finds as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Mr. Appliance is a Texas limited liability company that has a principal place of business located at 1020 N. University Parks Drive, Waco, Texas 76707.

2. Mr. Appliance is the franchisor of a nationwide system of more than 150 independent franchises, operating throughout the United States and Canada,

each of which provides full service residential and light commercial appliance repair. Mr. Appliance operates these businesses under the service mark and trade name "MR. APPLIANCE," and these businesses operate pursuant to individual franchise agreements and in accordance with a business system and format using service marks, trade dress, and business methods proprietary to Mr. Appliance. Mr. Appliance, itself or through its predecessor-in-interest and their authorized licensees, has used the MR. APPLIANCE® mark, alone or in conjunction with distinctive design elements, since at least as early as 1997 in connection with appliance installation and repair services.

3. Mr. Appliance is the owner of U.S. Service Mark Registration No. 2,176,306 covering the service mark MR. APPLIANCE (in block letters), and is also the owner of U.S. Service Mark Registration No. 2,156,331 for the mark MR. APPLIANCE EXPERT APPLIANCE REPAIR & Design. Both marks are registered for use in connection with "installation, repair and refurbishment of all types of appliances" in International Class 37. Mr. Appliance's U.S. Service Mark Registration Nos. 2,175,306 and 2,156,331 have become incontestable pursuant to 15 U.S.C. § 1065 because the marks shown therein have been in continuous use in commerce for more than five years and the required affidavits of use and incontestability have been filed with the United States Patent and Trademark Office. (Mr. Appliance's U.S. Service Mark Registration Nos. 2,175,306 and 2,156,331, the service marks shown therein, and the common law equivalents of such service marks, are hereinafter referred to collectively as the "MR. APPLIANCE® Marks.")

4. Plaintiff, its predecessor-in-interest and its authorized licensees including its franchisees, have used the MR. APPLIANCE® Marks in connection with appliance installation and repair services in commerce throughout the United States, including in California. Plaintiff and its franchisees have invested and are investing significant time, effort, and money in advertising, marketing, and promoting the MR. APPLIANCE® Marks and the services provided under it. The

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT                - 2 -

MR. APPLIANCE® Marks are widely recognized for the high quality appliance installation and repair services provided through the MR. APPLIANCE franchise system.

5. As a result of the extensive use and promotion of the MR. APPLIANCE® Marks in interstate commerce by Mr. Appliance and its franchisees, Mr. Appliance owns and enjoys valuable goodwill that is symbolized by the MR. APPLIANCE® Marks. The purchasing public has come to associate the MR. APPLIANCE® Marks as identifying the services created, distributed, authorized, or licensed exclusively by Mr. Appliance and its MR. APPLIANCE franchisees. The MR. APPLIANCE® Marks are distinctive and have achieved significant recognition among the public and the trade in this District and across the country. Moreover, the telephone numbers associated with individual MR. APPLIANCE franchises are advertised and promoted extensively, serve as a key method of contact for consumers, and, because they have been advertised together with the MR. APPLIANCE® name and Marks, have become important identifying characteristics of the MR. APPLIANCE system and are inextricably intertwined with the MR. APPLIANCE® Marks.

6. Sarvar Umirdinov is a natural person who is a citizen of the State of California and who resides at 422 Raymond Avenue, Glendale, California 91201. On further information and belief, Defendant is the owner of, and does business as, "Mr. Appliance Expert", an unregistered business entity offering appliance repair services in this District.

7. Without Plaintiff's authorization, Defendant has adopted and used service marks that are colorable imitations of, and are confusingly similar to, the MR. APPLIANCE® Marks in connection with Defendant's appliance repair services business in this District. Examples of one of the MR. APPLIANCE® Marks and Defendant's colorable imitation of that mark are shown below.





**MR. APPLIANCE EXPERT APPLIANCE REPAIR & Design**         **Defendant's Mark**

8. Defendant has used colorable imitations of Plaintiff's federally registered service marks to advertise his business on his website, Facebook, Twitter and on client review websites such as Angie's List and Yelp. Defendant has also utilized invoices that prominently feature colorable imitations of Plaintiff's MR. APPLIANCE® Marks in connection with his competitive appliance parts, installation, and repair business.

9. Defendant has adopted and uses a domain name to promote his competing business that incorporates Plaintiff's MR. APPLIANCE® Marks: <www.mrapplianceexpert.com> (the "Infringing Domain Name"). Defendant has promoted his appliance repair services business and solicits appliance repair business through his website at the Infringing Domain Name.

10. Defendant has promoted his competing business on Facebook as "Mr Appliance Expert" utilizing marks that are colorable imitations of Plaintiff's MR. APPLIANCE® Marks, and Defendant has maintained a Twitter page with the handle "@MrApliancExpert."

11. The services provided by Defendant in connection with his appliance parts, installation, and repair business are identical to, or closely similar to, and compete directly with the services that are offered for sale by Plaintiff and its authorized franchisees.

12. Defendant was fully aware of Plaintiff and of the preexisting and senior rights of Plaintiff and its predecessors-in-interest in the MR. APPLIANCE® Marks at the time Defendant first commenced his use of marks that are confusingly similar

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT        - 4 -

imitations of the MR. APPLIANCE® Marks.

13. Defendant's unauthorized use of confusingly similar imitations of the MR. APPLIANCE® Marks is likely to cause consumers to believe mistakenly that Defendant or his business are affiliated or associated with or are licensed or endorsed by Plaintiff, when such is not the case.

14. On November 3, 2014, Plaintiff commenced the above-captioned action by filing a complaint (the "Complaint") against Defendant. The Complaint alleged claims for service mark infringement, false designation of origin, unfair competition and cybersquatting in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, and service mark infringement and unfair competition in violation of the common law of the State of California.

15. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, this Court has subject matter jurisdiction over Plaintiff's claims against Defendant.

16. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent.

17. This Court has personal jurisdiction over Defendant because Defendant resides in this District, does business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Defendant also hereby submits to the jurisdiction of this Court.

18. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons

acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant and each of them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

    a. using directly or indirectly, the MR. APPLIANCE® Marks, or any confusingly similar imitations thereof including, without limitation, MR. APPLIANCE EXPERT, in word or design form, in connection with Defendant's business or services including, without limitation, as part of a domain name or in any social media application, such as the Twitter handle "@MrApliancExpert";

    b. using directly or indirectly, any trademark, service mark, domain name, social media application or "handle", name, logo, design, source designation, or identifying characteristic of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, designs, source designations, or identifying characteristics of Mr. Appliance or of the MR. APPLIANCE system, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendant's business or services are the business or services of Mr. Appliance, or are sponsored, licensed, endorsed, approved by, affiliated with, or in any way related to Mr. Appliance; and

    c. using directly or indirectly in connection with Defendant's business or services a color scheme confusingly similar to the blue and orange color scheme utilized by Mr. Appliance and the MR. APPLIANCE system.

2. By no later than February 15, 2015, Defendant shall transfer the Infringing Domain Name <www.mrapplianceexpert.com> to Plaintiff.

3.    By no later than March 1, 2015, Defendant shall rename his business to "7 Day Appliance Repair" and shall adopt a green color scheme in connection with his business or services. Defendant shall be permitted to refer to himself and his business as "Appliance Expert" until March 1, 2015.

4.    Defendant shall work diligently and cooperate in good faith to eliminate promptly any published or electronic telephone, internet or social media listing (including, without limitation) Yelp, Angie's List and Twitter, in which Defendant's telephone numbers or business continue to be associated with the MR. APPLIANCE EXPERT name or mark. By way of example and not limitation, Defendant shall arrange for the prompt removal of any such electronic telephone, internet or social media listings that may come to its attention after the entry of this Consent Judgment.

5.    Within ninety (90) calendar days after the entry of this Consent Judgment, Defendant shall submit to this Court an affidavit or declaration certifying Defendant's compliance with Paragraphs 1-4 of this Consent Judgment.

6.    Mr. Appliance and Defendant acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Mr. Appliance and Defendant understand the undertakings, obligations and terms of this Consent Judgment.

7.    This Consent Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

8.    Except as to Defendant's obligations set forth in this Consent Judgment, each party's claims against the other that were raised or could have been raised in this Civil Action are hereby dismissed with prejudice. No appeals shall be taken from

this Consent Judgment, and Defendant hereby waive all right to appeal from this Consent Judgment.

9. This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Mr. Appliance for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

IT IS SO ORDERED

Date: January 15, 2015

_____
The Honorable André Birotte Jr.
United States District Court Judge

6269393V.1

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT                - 8 -